UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JARED M. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20 CV 1774 DDN |
| | ) | |
| MICHELE BUCKNER, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of respondent Michele Buckner to strike Exhibit 3 attached to petitioner Jared Williams's amended petition for a writ of habeas corpus. (Doc. 19.) Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the motion to strike is granted.

### BACKGROUND

The underlying conviction in this case arises out of an altercation in the early hours of January 19, 2010, during which petitioner shot three men. (Doc. 10 at 9.) On December 3, 2012, a jury found petitioner guilty of five counts of first-degree assault and five counts of armed criminal action. (*Id*. at 14.) He is currently serving a twenty-five-year prison sentence. (*Id*.)

On April 5, 2021, petitioner filed his amended petition for a writ of habeas corpus. (Doc. 10.) He attached to his petition three exhibits. Exhibit 3 is the sworn affidavit of Marlon Griffin, who was with petitioner the night of the altercation and who asserts that petitioner fired his gun in self-defense. (Doc. 10-3 at 1.) Petitioner argues that Exhibit 3 supports his second claim, which asserts that his trial counsel was ineffective in failing to

prepare and present evidence of self-defense at his trial.  (Doc. 10 at 42; Doc. 27 at 1.)  Petitioner further contends in Claim Two that his post-conviction relief motion counsel was ineffective in failing to raise the claim in this motion and in failing to further develop the claim during the evidentiary hearing.  (Doc. 10 at 42.)

Respondent filed a motion to strike petitioner's Exhibit 3 on June 25, 2021.  (Doc. 19.)  The Court stayed consideration of the motion pending a ruling by the Supreme Court in *Shinn v. Ramirez*, 596 U.S. ____, 142 S. Ct. 1718 (2022).  (Doc. 22.)  The Supreme Court decided *Shinn* on May 23, 2022, and the Court granted the parties leave to provide additional briefing regarding the effect of *Shinn* on the pending motion.  (Doc. 25.)

## **GENERAL LEGAL PRINCIPLES**

28 U.S.C. § 2254 governs petitions for writs of habeas corpus filed by prisoners in in custody under a state-court judgment.  A federal court's habeas review is generally limited to the pleadings and copies of the official state-court record, admissible under § 2254(g).  Out of respect for our system of dual sovereignty, a federal habeas court may only rarely hear a claim or consider evidence not previously presented to the state court.  *Shinn*, 142 S.Ct. at 1730.  Section 2254(e)(2) limits evidentiary development in habeas corpus proceedings.  The statute provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on --
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for

2

> constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). In *Shinn v. Ramirez*, the Supreme Court held that "under § 2254(e)(2), a prisoner is 'at fault' [, *i.e.,* responsible,] even when state postconviction counsel is negligent." 142 S. Ct. at 1735. "In such a case, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy § 2254(e)(2)'s stringent requirements." *Id*.

## DISCUSSION

Respondent argues that petitioner cannot satisfy the conditions of § 2254(e)(2) because the evidence provided in Exhibit 3 could have been discovered by trial counsel and post-conviction counsel through the exercise of due diligence. (Doc. 26 at 5.) Petitioner contends in response that his post-conviction counsel was ineffective in failing to raise Claim Two in his post-conviction motion and failing to "further" develop the factual basis underlying Claim Two during his post-conviction motion evidentiary hearing. (Doc. 27 at 3.) He argues that he developed that factual basis to support his claim during the post-conviction motion evidentiary hearing, even though it was not raised in his post-conviction motion. (*Id*. at 5.) [1] Because there was some development of the factual basis

---

[1] In its Findings of Fact, Conclusions of Law and Order, when ruling petitioner's motion for post-conviction relief, the Missouri Circuit Court found in part as follows:

> 5. Mr. Allen was interviewed by [personnel from the prosecutor's office]. [3] Mr. Allen said he had been inside the Sugar Lounge on the evening in question. When he left, he saw [petitioner] and another person arguing. Mr. Allen said he heard another person say to the person arguing with [petitioner], "calm down Rodney." There was a group of people standing around and arguing, and Mr. Allen saw somebody from Rodney's group pull a gun. He then saw a person who was with [petitioner] with a gun and after hearing one shot he immediately started running to his car. Mr. Allen could not say whether more shots were fired. The investigator said the information provided by Mr. Allen was "very similar" to something he heard [petitioner] telling an unknown young man in the courtroom the previous day.

3

at the post-conviction stage, petitioner argues that § 2254(e)(2) does not preclude him from supplementing his self-defense claim. (*Id.*) Respondent replies that petitioner's argument is the kind of end-run around § 2254(e)(2) that the Supreme Court struck down in *Shinn*. (Doc. 28 at 3.)

Petitioner asks the Court to allow him to supplement the state-court record, as this case presents the "unique situation" wherein petitioner developed the factual basis to support the claim even though the claim was not raised in his post-conviction motion. (Doc. 27 at 5.) Federal habeas law is clear. Evidence is admissible either as an official record of the state court under § 2254(g) or as new evidence under § 2254(e)(2). Though petitioner contends that the factual basis is not strictly "new," as it was somewhat developed at the post-conviction motion hearing, the Court finds that it is an expansion of the state-court record because it is not otherwise admissible under § 2254(g). The Supreme Court's holding in *Shinn* is also clear: a federal habeas court may only expand the state-court record if the petitioner can satisfy the requirements of § 2254(e)(2). 142 S.Ct. at 1735. Petitioner does not argue that he satisfies those requirements, and the Court concludes that he does not. He does not cite, and the Court is not aware of, any legal

---

[Ftnt. 3 stated: "The investigator's notes were introduced as an exhibit at the evidentiary hearing."]

    6.    [Petitioner's defense counsel who represented petitioner until other counsel entered his appearance] testified at the evidentiary hearing in this case that the information provided by Mr. Allen made the case a self-defense case.
\* \* \*
    12.    [Petitioner] and his friends returned running to the black Camaro, Rodney followed "talking trash," and Sean told Rodney it was time to go. Somebody opened the hood of the Camaro and took a gun out from under the hood. [Petitioner] took the gun and fired several times in the direction of Rodney. Rodney was hit in the hip, Derquan was shot in the upper thigh, and Sean was hit in the head. [Petitioner] got into the Camaro with his friends and drove off.

(Doc. 18-12 at 94-96.)

authority that allows a petitioner to supplement the factual basis of a claim that was less than fully developed in state court.  Because Exhibit 3 is neither part of the official record of the state court nor admissible as new evidence under the requirements of § 2254(e)(2), the Court grants respondent's motion to strike.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of respondent Michele Buckner to strike Exhibit 3 **[Doc. 19] is sustained**.


        /s/   David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 19, 2022.